IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LISA McKINLEY TULLIS, #280307, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-93-MHT |
| ) | |
| SGT. GERALD TIPPINS, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Lisa McKinley Tullis ("Tullis"), an indigent state inmate, challenges the constitutionality of actions taken against her at the Julia Tutwiler Prison for Women ("Tutwiler"). Specifically, Tullis alleges that a correctional officer used threatening language when speaking to her. *Complaint - Doc. No. 1* at 3. Tullis also complains that she was denied due process when correctional officials temporarily placed her in disciplinary segregation after she refused an order to report to the annex at Tutwiler. *Id.* Tullis names Sgt. Gerald Tippins as the sole defendant in this cause of action. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**II. DISCUSSION**

**A. Threats and Intimidation**

Tullis alleges that on June 11, 2013 defendant Tippins raised his hand and threatened her

---

[1] The court granted Tullis leave to proceed *in forma pauperis* in this case. *Order of April 13, 2015 - Doc. No. 8.* This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

with bodily harm in an attempt to intimidate her. *Complaint - Doc. No. 1* at 3. This claim entitles Tullis to no relief.

To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Derogatory, demeaning, profane, threatening or abusive comments made by a correctional officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights).[2] Consequently, Tullis fails to state a cognizable claim with respect to the threatening language used by Sgt. Tippins and dismissal of this claim in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) is appropriate.

---

[2]Other Circuits have reached the same conclusion. *Ayala v. Terhune*, 195 Fed. Appx. 87, 92 (3rd Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts ... resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (district court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse, even if racially or ethnically motivated, does not give rise to a cause of action under § 1983); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (mere threats, even to inmate's life, made by guard do not satisfy the objective component of the Eighth Amendment as verbal threats and harassment are "necessarily excluded from the cruel and unusual punishment inquiry...."); *Ivey v. Wilson*, 832 F.2d 950, 954-955 (6th Cir. 1987) (verbal abuse alone is not violative of the Eighth Amendment); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) ("alleged verbal threats by jail officials ... did not rise to the level of a constitutional violation."); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (Eighth Amendment trivialized by assertion that mere threat constitutes a constitutional wrong); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2nd Cir. 1986) (mere name-calling did not violate inmate's constitutional rights); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal abuse, including threat of harm, not actionable under § 1983).

### B. Placement in Segregation

On June 11, 2013, Sgt. Tippins ordered Tullis to report for transport to the annex at Tutwiler. *Tullis v. State of Alabama, et* al., Civil Action No. 2:15-CV-95-MHT-CSC, *Plaintiff's Exhibit 3 - Doc. No. 1-3* at 68-69, 75. Tullis refused this order explaining her fear of a correctional officer previously employed at the annex and advised Sgt. Tippins that he could just put her in segregation. *Id*. Tullis was placed in segregation based on her negative behavior and disciplinary action was initiated against her for failure to obey a direct order. The disciplinary remained pending until July 12, 2013 when the hearing officer assigned to the case summarily dismissed the action because the disciplinary hearing did not occur within the time required by the Administrative Regulations. *Id*. at 76. The warden's designee subsequently approved the hearing officer's decision. Tullis was released from segregation on July 19, 2013.

To the extent Tullis complains that her temporary placement in disciplinary segregation deprived her of due process, this claim provides no basis for relief. The law is well settled that placement of an inmate in disciplinary segregation for a limited period of time does not implicate any federally protected interest. *Sandin v. Conner,* 515 U.S. 472, 485, 115 S.Ct. 2293, 2301 (1995) (holding that confinement in disciplinary segregation for 30 days, though punitive and based on a subsequently expunged disciplinary, does not implicate a constitutionally protected liberty interest); *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005) ("The punishments [Plaintiff] suffered [due to a disciplinary infraction] (demotion in status, segregation, and transfer) raise no due process concerns."); *Thomas v. Ramos,* 130 F.3d 754, 761-762 (7th Cir.1997) (no due process violation occurred when inmate was confined in segregation for 70 days for investigative purposes).

Moreover, it is well settled that an inmate has no constitutionally protected interest in confinement in the least restrictive prison environment because the resulting restraints are not so severe that they exceed the sentence imposed upon the inmate. *Sandin*, 515 U.S. at 485 ("Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law."). Thus, the due process claim set forth by Tullis is due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before April 28, 2015 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v.*

*Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of April, 2015.

                                                        /s/Charles S. Coody
                                                        CHARLES S. COODY
                                                        UNITED STATES MAGISTRATE JUDGE